UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JOSE D.L.S.,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary of the Department of Homeland Security; TODD BLANCHE, Attorney General; TODD M. LYONS, Acting Director, Immigration and Customs Enforcements; JESUS ROCHA, Acting Field Office Director, San Diego Field Office; JEREMY CASEY, Warden at Imperial Regional Detention Facility,

Respondents.

Case No.: 3:26-cv-03908-BTM-JLB

**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF NO. 8]**

Pending before the Court is Petitioner Jose D.L.S.'s amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated below, the Court GRANTS the petition.

//

//

## I. BACKGROUND

The Petitioner is a citizen of the Dominican Republic. (ECF No. 8 ("Am. Pet."), at 3.) He entered the United States in October 2006 near Manati, Puerto Rico. (ECF No. 10 ("Am. Ret."), at 2.)

In December 2015, the Petitioner was convicted of weapons offenses and resisting arrest in Puerto Rico and was ordered removed in absentia. (*Id.* at 2.) In May 2016, he was arrested by U.S. Customs and Border Protection after presenting officials with a counterfeit Puerto Rican driver's license and possessing fraudulent identification in violation of 18 U.S.C. § 1028(a)(6). He pled guilty to a misdemeanor violation of 18 U.S.C. § 1028(a)(6) on August 12, 2022 and was sentenced to twelve months imprisonment (time served). (*Id.*) However, the Petitioner's fraud conviction was subsequently dismissed pursuant to a deferred prosecution agreement. (*Id.*)

In 2023, the Petitioner was deported pursuant to the 2015 removal order. (Am. Ret. at 2.) The Petitioner then re-entered the United States without inspection. (Am. Pet. at 3.) In April 2024, the Petitioner was arrested in New York for forcible touching the sexual/intimate parts of another. (Am. Ret. at 2.) Later, the Petitioner was arrested in New York a second time, this time for driving while intoxicated. (*Id.*) He was released from local custody before Immigration and Customs Enforcement ("ICE") agents could detain him. (*Id.*) In November 2024, the Petitioner was indicted on an illegal re-entry charge pursuant to 8 U.S.C. § 1326 but was not arrested for that charge until March 2025. (*Id.*) In September 2025, the government dismissed the illegal re-entry charge. (*Id.* at 2–3.) The government maintained that it "could proceed to trial on the matter," but "in the interests of justice, given the manner in which the deportation hearing was conducted, the government has decided to dismiss." (Am. Pet. at 4.)

The Petitioner was taken into ICE custody and issued a Notice to Appear ("NTA"), charging him with inadmissibility and removability under § 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act ("INA") as having been convicted of or admits committing acts that constitute a crime involving moral turpitude. (Am. Ret. at 3.)

There is presently no administratively final removal order and the Petitioner remains subject to detention under § 1226(c). (*Id.*) The Petitioner is currently detained at the Imperial Regional Detention Center. (Am. Pet. at 4.) He filed a petitioner for the writ of habeas corpus on July 6, 2026, and an amended petition on July 15, 2026.

## II. LEGAL STANDARD

A writ of habeas is available to every individual detained within the United States." *Hamidi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of the custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III. DISCUSSION

The Petitioner makes three claims in his Amended Petition. First, he argues that his mandatory detention without a bond hearing violates due process as a constitutional matter. (Am. Pet. at 5–7.) Second, he contends that his mandatory detention without a bond hearing is illegal as a statutory matter because he was not an "arriving alien" under 8 U.S.C. § 1225. (*Id.* at 7–12.) And third, he avers that his detention without an administrative arrest warrant is illegal as a statutory matter under 8 U.S.C. § 1226(a). (*Id.* at 12–13.) The Petitioner requests that the Court grant him release or, at a minimum, a bond hearing.

The Respondents contend that the Petitioner's detention is mandatory under 8 U.S.C. § 1226(c) and that he is not entitled to a bond hearing. (Am. Ret. at 3.)

After the Amended Petition and Amended Return were filed, the Ninth Circuit issued its decision in *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424, at *1 (9th Cir. Jul. 30, 2026).

//

In *Rodriguez Vazquez*, the Ninth Circuit concluded that noncitizens[1] "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." *Id.* at *3. Because the Petitioner here was not entering the United States when he was detained and transferred to ICE custody, the Court finds that he is subject to § 1226.

**A. Crimes of Moral Turpitude**

The Respondents argue that the Petitioner's detention is mandatory under 8 U.S.C. § 1226(c). (Am. Ret. at 3.) Section 1226(c) provides that the Attorney General "shall take into custody any alien who . . . is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title[.]" 8 U.S.C. § 1226(c)(1)(A). Section 1182(a)(2)(A)(i) provides that, absent a specific exception, any alien who is "convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of . . . a crime of moral turpitude (other than a purely political offense) . . . is inadmissible."

The Respondents argue that the Petitioner's August 2022 misdemeanor conviction for possession of a fraudulent identification document in violation of 18 U.S.C. § 1028(a)(6) is a crime involving moral turpitude. (Am. Ret. at 4.) The Petitioner contends that it is not. (ECF No. 13 ("Traverse"), at 3–5.) Although, the INA does not provide a definition for the term "crime involving moral turpitude," the Ninth Circuit has defined the offense as one involving "either fraud or base, vile, and depraved conduct that shocks the public conscience." *Jauregui-Cardenas v. Barr*, 946 F.3d 1116, 1120 (9th Cir. 2020) (quoting *Nunez v. Holder*, 594 F.3d 1124, 1131 (9th Cir. 2007)). Further, a conviction qualifies as a fraudulent crime involving moral turpitude when the intent to defraud is explicit in the statutory definition of the crime or implicit in the nature of the crime. *Jauregui-Cardenas*, 946 F.3d at 1120 (citing *Blanco v. Mukasey*, 518 F.3d 714, 719 (9th Cir. 2008)). 18 U.S.C § 1028(a)(6) makes it a crime to knowingly possess "an

[1] This order uses the term "noncitizen" as equivalent to the statutory term "alien." 8 U.S.C. § 1101(a)(3); *see Barton v. Barr*, 590 U.S. 222, 226 n.2 (2020).

identification document . . . that is or appears to be an identification document . . . of the United States . . . which is stolen or produced without lawful authority knowing that such document . . . was stolen or produced without such authority[.]" Therefore, intent to defraud is not explicit in the statutory definition of the crime. As to whether the crime is inherently fraudulent, the Ninth Circuit has held that " 'intent to defraud is implicit in the nature of the crime when the individual makes false statements in order to procure something of value, either monetary or non-monetary.' " *Jauregui-Cardenas*, 946 F.3d at 1121 (quoting *Blanco*, 518 F.3d at 719).

Here, there is no indication that the Petitioner intended to use the fraudulent identification to obtain anything of either monetary or non-monetary value. Additionally, "[w]hen the only 'benefit' the individual obtains is to impede the enforcement of the law, the crime does not involve moral turpitude." *Id.* (quoting *Latu v. Mukasey*, 547 F.3d 1070, 1074 (9th Cir. 2008)) (internal quotations omitted). Therefore, because § 1028(a)(6) does not require fraudulent intent, it is not a crime involving moral turpitude.

**B. Warrant Requirement**

Because the Petitioner is not subject to mandatory detention under 8 U.S.C. § 1226(c), he can only be detained pursuant to § 1226(a). A noncitizen may only be arrested and detained pending a decision on removal "[o]n a warrant issued by the Attorney General." 8 U.S.C. § 1226(a). In other words, the "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1126(a)." *Pedraza v. Larose*, No. 26-cv-2697, 2026 WL 1484326, at *2 (S.D. Cal. May 27, 2026) (internal citations omitted).

Here, the Petitioner claims, and the Respondents do not dispute, that he was arrested by ICE without a warrant. Thus, this Court finds that the Petitioner's arrest and subsequent detention are unauthorized and that the appropriate remedy for unlawful detention is release. *Id.* at *2; *see also*, *Mayen v. Warden, California City Det. Ctr.*, No. 26-cv-2354, 2026 WL 1158217, at *2 (E.D. Cal. Apr. 29, 2026) (ordering petitioner's immediate release where there was no evidence that the government issued a warrant for the petitioner's arrest when he was detained).

**C. Relief**

Given the circumstances here, the writ of habeas corpus will issue conditionally. *See* 28 U.S.C. § 2243 ("The court shall. . .dispose of the matter as law and justice require."); *cf. Lujan v. Garcia*, 734 F.3d 917, 933 (9th Cir. 2013) ("[A] court may issue a conditional writ that requires the state to release a petitioner unless it takes some other remedial action, such as retrial of the petitioner."). The writ will issue to release the Petitioner from custody unless the Respondents remedy the warrantless arrest. The Respondents may do so by issuing a statutorily authorized administrative warrant. The Respondents must issue the arrest warrant by August 31, 2026 at 5 p.m.

If the Respondents do not release the Petitioner because they have obtained an arrest warrant, they must provide a bond hearing. The Respondents contend that the Petitioner is not entitled to a bond hearing because he is detained under § 1226(c). (Am. Ret. at 6–8.) The Court, for the reasons discussed above, finds that the Petitioner can only be detained under § 1226(a). The Court holds that the Petitioner's continued detention—lasting over eleven months—is unreasonably prolonged and, without a bond hearing, violates the Due Process Clause. *Seged v. LaRose*, No. 26-cv-02564, 2026 WL 1480801, at *1–2 (S.D. Cal. May 26, 2026). On or before September 14, 2026, unless the Petitioner requests a continuance, the Respondents are ordered to grant the Petitioner an individualized bond hearing before a fair, neutral, and open-minded immigration judge ("IJ"). The IJ shall consider where the Petitioner will reside, who any surety may be, the appropriateness of non-financial conditions, the nine factors for an IJ to consider in an individualized bond hearing as set forth in *Martinez v. Clark*, 124 F.4th 775 (9th Cir. 2024),[2] and any other factors the IJ deems relevant in this particular case. *See also In re Guerra*, 24 I&N Dec. 37, 40 (B.I.A. 2006).

---

[2] The nine factors include the following:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's

The IJ must determine whether the Petitioner is a danger to the community or a flight risk for which there are no conditions available that will deter such risk. If the Petitioner shows by a preponderance of the evidence that he is neither a danger to the community nor a flight risk, the IJ must grant bond and order his release. *Rodriguez Vazquez*, 2026 WL 2196424, at *5 (citing *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022)). If the IJ denies bond, the judge must make specific findings as to why the Petitioner is a danger to the community or a flight risk, and the Respondents must make the audio of the hearing available to the Petitioner's counsel.

## IV. CONCLUSION

The petition for a writ of habeas corpus is **CONDITIONALLY GRANTED** and the writ is **CONDITIONALLY ISSUED**. The Respondents shall immediately release the Petitioner from custody, unless the Respondents issue a proper arrest warrant by 5 p.m. on August 31, 2026. The parties shall file a statement as to the satisfaction of the writ by September 1, 2026 at 5 p.m. If the Respondents do not release the Petitioner because they have obtained an arrest warrant, they shall provide the Petitioner with an individualized bond hearing before a fair, neutral, and open-minded IJ in accordance with the requirements ordered above on or before September 14, 2026, unless he seeks a continuance and it is granted. The parties shall file a joint status report by September 15, 2026 at 5 p.m. If the Respondents fail to comply with this writ, the Petitioner can apply to his Court for relief. The Court retains jurisdiction to enforce the writ.

**IT IS SO ORDERED.**

Dated: August 28, 2026

Honorable Barry Ted Moskowitz
United States District Judge

---

> criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*Martinez*, 124 F.4th at 783 (quoting *In re Guerra*, 24 I&N Dec. 37, 40 (B.I.A. 2006)).